L. C. PETTIBONE, Appellant, v. W. P. TUTTLE, Respondent.

(194 N. W. 701.)

**Partnership — evidence held sufficient to sustain findings for defendant in action for dissolution of partnership and for an accounting.**

1. In an action for dissolution of partnership and for an accounting, evidence examined and *held* sufficient to support findings of trial court.

**Partnership — evidence held insufficient to establish partnership.**

2. From an examination of the evidence the court is of the opinion that the evidence wholly fails to establish that a partnership existed between plaintiff and ·defendant as alleged in the complaint.

Opinion filed July 7, 1923.

Partnership, 30 Cyc. p. 414 n. 25; p. 737 n. 73.

Appeal from District Court, Kidder County, *Nuessle,* J.
Affirmed.
*Newton, Dullam & Young,* for appellant.
"But defendant insists and pleads as a defense, in his answer, that as the contract was for the purchase of an interest in lands, and was wholly oral, it·cannot be enforced under the statute of frauds. The contract, to be truly stated, amounted to a parol agreement for the creation of a partnership, the objection of which was to acquire and sell certain lands. The part of the agreement obligating the parties to purchase the land was but an incident of the contract of partnership.

Note.—On effect of agreement to share profits to create a partnership, see note in 18 L.R.A.(N.S.) 963; 20 R. C. L. 825; 3 R. C. L. Supp. 1103.

It provided for the subject and manner of investment of the capital of the firm. It was simply an agreement that the firm would buy the lands. By this agreement neither party bought or sold lands. It was not an agreement for the purchase and sale of lands. It was nothing more than an agreement that the firm should buy lands of another which should be held as firm property. It was not, therefore, an agreement or contract under which an interest in or title to lands was attempted to be transferred. It simply provides what interest the parties shall have herein when the lands shall be acquired as provided by the contract. Surely, if two persons agree to enter into a partnership for the purchase and sale of dry goods, and therein specify the manner of the contribution of the capital of the firm and the goods to be purchased therewith, and the persons of whom they shall be purchased, the contract could not be regarded as creating or transferring distinction in principle between that case and this. We conclude that the contract in question is not within the contemplation of our statute of frauds, which provides that no evidence of a contract 'for the creation or transfer of any interest in lands, except leases for a term not exceeding one year,' is competent, 'unless it be in writing and signed by the party to be charged, or by his lawfully authorized agent. Code, § 3663." Pennybacker v. Leary, 65 Iowa, 220, 21 N. W. 575; Stearn v. Harris (Minn.) 41 N. W. 1036; Hodge v. Twitchell, 33 Minn. 389, 23 N. W. 547.

"A partnership may be formed by parol to deal in real estate and to improve and sell for joint profit a particular piece of land. When real estate is acquired in a partnership business so formed, and for partnership purposes, notwithstanding the provisions of the statute of frauds, it is partnership assets although the legal title be taken in the name of one of the partners. Fountain v. Menard, 53 Minn. 443, 445, 55 N. W. 601, 39 Am. St. Rep. 617; Stern v. Harris, 40 Minn. 209, 41 N. W. 1036; Newell v. Cochran, 41 Minn. 374, 43 N. W. 84. It is wholly immaterial that the title may be placed in the name of a third person by one partner to secure profit to himself at the expense of the other. Each owed to the other in their transactions the utmost good faith and openness of dealing. Neither had the right to secure, without consent of the other, any private advantage out of such transaction. Securing such advantage would be a fraud upon

the other party interested with him which equity would defeat by holding him a trustee for the others of the thing which he so secured to himself. There is no principle of equity jurisprudence better established or more rigorously enforced than this. The thin device, on the part of the partner sought to be charged of transferring title to a third person, not a bona fide purchaser, would not change the equitable relations and duties of the parties. Equity would hold the transfer to be a fraud upon his associates and would hold such third person to be a trustee of all for both partners as to the property conveyed to him. Gilfillan, A. J., in Hodge v. Twitchell, 33 Minn. 389, 23 N. W. 547." Stitt v. Ratportage Lumber Co. (Minn.) 107 N. W. 824; Davenport v. Buchanan, 6 S. D. 381, 61 N. W. 47; Flower v. Barnekoff (Or.) 11 L.R.A. 149; King v. Barnes, 109 N. Y. 285; Hackett v. Multnomah R. Co. 12 Or. 129; Coward v. Clanton (Cal.) 21 Pac. 359; Simpson v. Tenney, 41 Kan. 561, 21 Pac. 634; Jones v. Davies, 60 Kan. 309, 56 Pac. 484.

"An express agreement providing for a partnership as such is not necessary to create the relation. In law a partnership is often implied from the acts and interests of the parties, although the words 'partnership' or 'partner' may never have been used by them in connection with the business. It is likewise elementary that a partnership may exist as to a single transaction or enterprise." Kayser v. Mongham, 8 Colo. 232, 6 Pac. 803; Bates v. Babcock, 95 Cal. 479, 16 L.R.A. 745, 30 Pac. 605; Spreyer v. Des Jardins, 144 Ill. 641, 36 Am. St. Rep. 473, 32 N. E. 283; Chester v. Dickerson, 54 N. Y. 1, 13 Am. Rep. 550; Holmes v. McCray, 51 Ind. 358, 19 Am. Rep. 735; Newell v. Cochran, 41 Minn. 374, 43 N. W. 84; Treat v. Hills, 68 Wis. 344, 60 Am. Rep. 858.

"When parties agree to enter into an association for the purpose of buying or selling, and carrying on a joint business indefinitely, no stipulation for dividing profit and loss is necessary, as that is an incident to the prosecution of their joint business." Parsons, Partn. p. 57.

"If it were understood between the parties that there was to be a communion of profit it would be a partnership. 'A communion of profit implies a communion of loss; for every man who has a share of profits of a trade should also bear his share of the losses.' Golly. Partn. Sec.

18.  And it is not necessary that there should be an express stipula-
tion between partners to share the profit and loss, as that is an incident
to the prosecution of their joint business.  Id. Note. 3."  Blumfield
v. Buchanan (Or.) 8 Pac. 912.

*Lawrence, Murphy & Nilles*, for respondent.

"The definition of a partnership which seems to be most accurate
and comprehensive is that of Chancellor Kent, as follows:  'A con-
tract of two or more competent persons, to place their money, effects,
labor, and skill, or some or all of them, in lawful commerce or business,
and to divide the profits and bear the loss in certain proportions.' "
30 Cyc. 349.

Lowe v. Jensen, 22 N. D. 148; Yancey v. Boyce, 28 N. D. 187.

"It has also been declared essential to a partnership that the busi-
ness with which it is concerned be conducted on the joint account of the
partners."  Cedarberg v. Guernsey, 12 S. D. 77, 80 N. W. 159.

"In order to constitute a partnership, there must be a joint owner-
ship of the partnership funds, or a joint right to control them, and
also an agreement to share the profits and losses."  Omaha & G. Smelt-
ing & Ref. Co. v. Rucker, 6 Colo. App. 334, 40 Pac. 843.

"To constitute a partnership inter sese, there must be a joint owner-
ship of the partnership funds."  Robbin v. McKnight, 5 N. J. Eq. 642,
45 Am. Dec. 406.

"To constitute the partnership relation inter sese, the contract must
extend beyond a common agreement to share in the profits.  It must
equally bind the parties to bear the burden of the losses."  Goldsmith
v. Eichold Bros.  92 Ala. 116, 33 Am. St. Rep. 97, 10 So. 80.

"A community of profits, an equality of sharing in net profits, un-
accompanied by a community of risks, a mutuality in losses, does not
make a partnership between business associates as respects themselves.
Pulliam v. Schimpf, 100 Ala. 362, 14 So. 488."  30 Cyc. 349; Cudahy
Packing Co. v. Hibou, 18 L.R.A.(N.S.) 975.

"Where a party is interested in the profits of an undertaking only
as a means of compensation for service rendered, or for money ad-
vanced, he is not a partner."  Richardson v. Hughitt, 76 N. Y. 55,
32 Am. Rep. 267; Eager v. Crawford, 76 N. Y. 97; Burnett v. Snyder,
76 N. Y. 344; Curry v. Gowler, 87 N. Y. 33, 41 Am. Rep. 343; Cas-

sidy v. Hallet, 97 N. Y. 158, 159; Davis v. Patrick, 122 U. S. 151, 7 Sup. Ct. 1102, 30 L. cd. 1090; Beecher v. Bush, 45 Mich. 188, 7 N. W. 785, 40 Am. Rep. 465.

"In this case, delivering the opinion of the court, Judge Snyder says: 'If the persons merely occupy the relation of principal and agent, employer, or employee or factor, no partnership can be predicated upon the fact that such agent, employee, or factor receives a part or share of the profits for his services or other benefits conferred . . . in every partnership. There must be a joint ownership of the partnership funds, or a joint right of control over them, and also an agreement to share the profits or losses arising therefrom. Chapline v. Conant, 3 W. Va. 507, 100 Am. Dec. 766. There is nothing to show any liability upon Clark for losses and expenses, which is deemed an important fact tending to show that the contract is not one of partnership." Clark v. Emery, 5 L.R.A.(N.S.) 512; Griggsby v. Day, 70 N. W. 881.

"A contract of employment between a master and his servant, or a principal and his agent, which provides for the payment of a part of the employer's profits to the servant or agent as a compensation merely for labor and services, does not create a partnership. It gives the employee none of the rights of a partner in the business and imposes upon him none of a partner's liabilities." Berthold v. Goldsmith, 24 How. 536, 16 L. ed. 762; Seymour v. Freer, 8 Wall, 223, 19 L. ed. 313; Beckwith v. Talbot, 95 U. S. 289, 24 L. ed. 496; Mchan v. Valentine, 145 U. S. 611, 36 L. ed. 835, 12 Sup. Ct. Rep. 972, affirming 29 Fed. 276; Bigelow v. Elliot, 1 Cliff. 28, Fed. Cas. No. 1,388; Hazard v. Hazard, 1 Story, 371, Fed. Cas. No. 6,279; Oppenheimer v. Clemmons, 18 Fed. 886; Gentry v. Singleton, 63 C. C. A. 231, 128 Fed. 679; Re Pierson, 10 Nat. Bankr. Reg. 107.

"The rule is well settled that the trust must result at the time of the execution of the deed, and cannot be raised by matters subsequent thereto, and it is under this latter rule that the trust is restricted to the amount of the purchase money actually furnished by the person claiming the benefit of the purchase at the time of or before the execution of the conveyance as the trust must result at the very instant the deed is executed, or it cannot result at all." Wood, Lim. 2, p. 989.

Such a contract is within the inhibition of § 3 of chapter 32 of

the Compiled Laws of 1905 (Cobbey's Anno. Stat. 1903, § 5952) commonly called the "Statute of Frauds" and is void.

"In such a case no resulting trust arises in favor of one who contributes nothing to the payment of the purchase price." Norton v. Brink, 110 N. W. 669.

KNEESHAW, Dist. J.: This is an action brought by the plaintiff for an accounting of an alleged partnership and for the dissolution of the partnership. The complaint in the action alleges that there was an agreement of partnership and asks for the dissolution of the same and for an accounting of partnership property and a sale of the property acquired for partnership purposes. The action was tried on the theory that there was a partnership.

In the evidence it appears that plaintiff, some twenty years ago, was engaged in the real estate business at Dawson. Defendant came to Dawson and procured plaintiff's assistance in the handling of defendant's affairs. They became concerned in the handling of real estate, particularly railroad lands. Defendant proposed to plaintiff that in certain lands he would furnish the money and plaintiff would negotiate sales; that such proposition thus handled should be considered on a profit basis by dividing the profits equally between the parties. In accordance with this understanding, as plaintiff asserts, certain land in Kidder county was purchased by defendant, thereafter sold, and the profits equally divided between the partners; also certain land west of the Missouri river known as Black Butte township. Then defendant purchased some eighteen sections of land at $4.50 per acre. The purchase price was paid by defendant and title to the lands taken in the defendant's name. Concerning this land it is the plaintiff's contention that, pursuant to the arrangement, he was entitled to share in one fourth of the profits that should be derived in the handling of this real estate. It appears that this land was purchased in the years 1905 and 1906. It has never been sold. During the years that have since elapsed, the title has stood in defendant's name; he has paid the taxes and collected the rentals. It is the claim of the plaintiff that these lands should be sold and that he should be accorded the right, pursuant to the agreement, to participate in the profits to be derived upon such sale. It is clear upon the record that the lands as such,

during the years, were never treated as partnership real estate. The particular question involved is whether or not there was a partnership relation existing concerning profits that might be realized upon the sale of such lands.

The learned trial court, after hearing all the evidence in the case, made his findings of fact and conclusions of law and found as a fact that the plaintiff had failed to establish the material allegations of the complaint and that the evidence establishes the fact that no partnership existed between the plaintiff and defendant as set forth in the plaintiff's complaint and that plaintiff has wholly failed to sustain the cause of action set forth in the complaint, and as a conclusion of law found that the defendant is entitled to a dismissal of the action.

Judgment was duly entered on an order dismissing the action and plaintiff appeals to this court from such judgment.

The only question for consideration on this appeal is whether or not there is sufficient evidence to support the findings of the trial court. We are of the opinion that the findings are amply supported by the evidence.

We have examined the evidence and are fully satisfied and of the opinion that there is no evidence to show that a partnership existed between plaintiff and defendant as alleged in the complaint and that there was a total failure of proof to establish any such partnership and that, therefore, the court did not commit error in dismissing the action.

The judgment is therefore affirmed.

BRONSON, Ch. J., and BIRDZELL, JOHNSON, and CHRISTIANSON, JJ., concur.

NUESSLE, J., being disqualified, did not participate, Honorable W. J. KNEESHAW, Judge of Second Judicial District, sitting in his stead.